**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 3:21-cr-83 |
| | ) | |
| Taylor Ian Gourneau, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is a motion to dismiss count II of the indictment filed by Defendant Taylor Ian Gourneau ("Gourneau") on November 15, 2021. Doc. No. 27. The United States filed its response on November 23, 2021. Doc. No. 29. On November 30, 2021, Gourneau filed his reply. Doc. No. 30. The Court held a hearing on the motion on March 11, 2022.[1] Doc. No. 32. For the reasons set forth below, the Court grants the motion.

## I.   BACKGROUND

Gourneau was indicted on two counts by a federal grand jury on March 21, 2021. Doc. No. 1. Count I charges assault resulting in substantial bodily injury to a spouse, intimate partner, or dating partner. Id. Count II charges domestic assault by a habitual offender in violation of 18 U.S.C. §§ 117(a)(1) and 1153. Id.

Pertinent to this motion, section 117(a) requires, among other things, "'a final conviction on at least 2 separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal Jurisdiction—(1) any assault, sexual abuse, or serious violent felony against a spouse or intimate partner, or against a child of or in the care of the person

---

[1] At the March 11, 2022 hearing, both parties were offered an opportunity to further develop the record with post-hearing briefing.  Neither party submitted post-hearing briefing.

committing the domestic assault; or (2) an offense under chapter 110A[.]'" See United States v. Morris, No. 8:18CR260, 2019 WL 1110211, at *1 (D. Neb. Mar. 11, 2019) (quoting 18 U.S.C. § 117(a)). Consistent with the requirements of the statute, count II lists three of Gourneau's prior convictions, which the United States alleges (and Gourneau disputes) satisfies the statute. Each prior conviction charged Gourneau with violating the same statute: Turtle Mountain Tribal Code ("TMTC") § 37.0200, crimes involving "domestic violence."

Gourneau argues the indictment fails to state an offense because he does not have two qualifying prior convictions under 18 USC § 117(a). Doc. No. 27. More specifically, Gourneau raises the threshold issue of whether the Court should apply the categorical approach to § 117(a)'s "any-assault element." Doc. No. 28, p. 1. The United States appears to argue for a circumstance-specific approach to §117(a), though that position is not expressly stated in its briefing.[2] See Doc. No. 29, pp. 5-7.

## II.    LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b), a criminal defendant may move to dismiss an indictment for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). Indeed, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12. These "defenses and objections which are capable of determination without a trial on the general issue" include, among other things,

---

[2] In its response brief, the United States explicitly argues against the categorical approach in the final full paragraph of the brief.  Absent from the brief, however, is any explicit argument supporting a different approach. Indeed, in addition to the lack of specific arguments, the brief is void of any signposts that would tend to clarify the issue for the Court.  The United States thus appears to argue for a circumstance-specific approach.  The United States endorsed this characterization of their position during a hearing in this matter, where the United States agreed that the Court's summation of their argument as one in support of the circumstance-specific approach was "fair."

"former conviction[s]." Fed. R. Crim. P. 12, advisory committee notes, 2002 Amendment and 1994 Adoption; see also United States v. Casey, No. 2:20-CR-0020-RAJ, 2020 WL 1940446, at *1 (W.D. Wash. Apr. 22, 2020), appeal dismissed, No. 20-30106, 2020 WL 4792585 (9th Cir. June 24, 2020). Specifically here, "[b]ecause the parties' arguments hinge on whether the categorical approach or circumstance-specific approach applies" to §117(a), this is "an issue of statutory interpretation and thus a legal question[.]" United States v. Laney, No. 20-CR-3053-LTS-KEM, 2021 WL 2373845, at *2 (N.D. Iowa Mar. 26, 2021), report and recommendation adopted, No. CR20-3053-LTS, 2021 WL 1821188 (N.D. Iowa May 6, 2021). As such, "resolution of the issue is appropriate for the court to decide in a motion to dismiss." Id.

## III.   ANALYSIS AND DISCUSSION

As a threshold matter, the parties dispute which approach applies to determine whether Gourneau's prior convictions under TMTC § 37.0200 qualify as predicate offenses under § 117(a). As it must, the Court starts by reviewing the language of the statute. § 117(a) states:

> (a) In general.--Any person who commits a domestic assault within the special maritime and territorial jurisdiction of the United States or Indian country and who has a final conviction on at least 2 separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction--
>
> > (1) any assault, sexual abuse, or serious violent felony against a spouse or intimate partner, or against a child of or in the care of the person committing the domestic assault; or
> >
> > (2) an offense under chapter 110A[.]

18 U.S.C. § 117(a). Said another way, the elements of § 117(a) are as follows: (1) the defendant has at least two prior convictions; (2) the prior convictions were for offenses considered "any assault" under federal law; and, (3) the prior convictions were for offenses committed against a spouse or intimate partner. See United States Drapeau, 827 F.3d 773, 776 (8th Cir. 2016); see also

<u>United States v. Jackson</u>, 850 F. App'x 997, 998 (8th Cir. 2021) (listing four elements for § 117(a) in a case where the defendant challenged the sufficiency of the evidence after trial). The two elements at issue here are the "any-assault" element and the "against whom" element.

### A.   Determining the Applicable Analytical Approach

Whether these two elements are satisfied by Gourneau's prior convictions under TMTC § 37.0200 depends on which analytical approach the Court applies to assess the convictions: the categorical approach, the circumstance-specific approach, or the hybrid approach. Under the categorical approach, the Court "focuses solely on whether the elements of the crime of conviction sufficiently match the elements of [the generic crime], while ignoring the particular facts of the case." <u>Mathis v. United States</u>, 136 S. Ct. 2243, 2248 (2016). A crime of conviction is a predicate offense "if its <u>elements</u> are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not [a sufficient predicate offense]—even if the defendant's actual conduct (<u>i.e.</u>, the facts of the crime) fits within the generic offense's boundaries." <u>Id.</u> (explaining the categorical approach in the context of the Armed Career Criminal Act) (emphasis in original).

On the other hand, the circumstance-specific approach "refer[s] to the specific way in which an offender committed the crime on a specific occasion." <u>Nijhawan v. Holder</u>, 557 U.S. 29, 34 (2009). As such, under the circumstance-specific approach, the Court "must look to the facts and circumstances underlying an offender's conviction." <u>Id.</u> (applying the circumstance-specific approach to a portion of 8 U.S.C. § 1101(a)(43)(M)(i)).

The third approach is the aptly-named "hybrid" approach, under which "one section of the statute is governed by the categorical approach while another is subject to the circumstance-specific approach." <u>Casey</u>, 2020 WL 1940446, at *2 (analyzing <u>United States v. Hayes</u>, 555 U.S. 415 (2009)); <u>see also</u> <u>Hayes</u>, 555 U.S. at 426 (2009); <u>Nijhawan</u>, 557 U.S. at 38, 40; <u>United States</u>

v. Doss, 630 F.3d 1181, 1197 (9th Cir. 2011) (relying on Nijhawan in its analysis of 18 U.S.C. § 3559(e)(1), the court concluded that the phrase "a prior 'sex offense' conviction" required application of categorical approach and phrase "in which a minor was the victim" called for application of circumstance-specific approach and had to be proven beyond a reasonable doubt by the Government at trial)).

The Eighth Circuit Court of Appeals has not specifically decided which analytical approach applies to § 117(a) within the procedural posture of a motion to dismiss. See Silk v. United States, 955 F.3d 681, 683 (8th Cir. 2020) (in defendant's motion to vacate his sentence where he asserted actual innocence, the Eighth Circuit explained, "We need not decide whether § 117 calls for a categorical approach, because Silk does not prevail if we assume that mode of analysis."). Indeed, the parties have not cited, and the Court has not found, any federal circuit decision that squarely addresses this issue. See Doc. No. 29, p. 4; see also United States v. Cline, No. CR19-0023-JCC, 2020 WL 1862595, at *1 (W.D. Wash. Apr. 14, 2020) ("The issue of which approach to apply to § 117(a) has not been squarely decided." (first citing United States v. Flett, 379 F. Supp. 3d 1152, 1154 (E.D. Wash. 2019); then citing United States v. Morris, No. 8:18CR260, 2019 WL 1110211, at *2 (D. Neb. 2019)).

Gourneau advocates for the hybrid approach to § 117(a) – arguing that the "any-assault" element is subject to the categorical approach and the "against whom" element is subject to a circumstance-specific approach. Doc. No. 28, p. 3. The United States argues against that approach. See Doc. No. 29, p. 5. Accordingly, the issue before the Court is whether should apply the hybrid approach to § 117(a).

The plain language of § 117(a) requires application of the hybrid approach. See Cline, 2020 WL 1862595, at *2; Casey, 2020 WL 1940446, at *3; Hayes, 555 U.S. at 418, 421, 426. But see

Morris, 2019 WL 1110211, at *2.[3] Consistent with the plain language of § 117(a) and Eighth Circuit case law, the Court finds that the "any-assault" element is separate and distinct from the "against whom" element.  See United States Drapeau, 827 F.3d 773, 776 (8th Cir. 2016) (when articulating the elements of § 117 the court separated the "any-assault" element from the "against whom" element in a case where the defendant appealed a guilty verdict, arguing that the trial court errored in admitting certain evidence); see also United States v. Jackson, 850 F. App'x 997, 998 (8th Cir. 2021) (listing the elements for § 117(a) and separating out the "any-assault" element from

---

[3] In Morris, the defendant filed a motion to dismiss count II, which charged him with violating 18 U.S.C. § 117(a). Morris, 2019 WL 1110211, at *1 (D. Neb. Mar. 11, 2019). Judge Smith Camp found that "[b]ecause the Eighth Circuit held in Drapeau that the Government must prove beyond a reasonable doubt that a defendant's prior convictions were for offenses that would be considered 'any assault' under federal law, the Eighth Circuit appears to have directed a fact-specific approach." Id.

This Court declines to follow Morris for several reasons. As an initial matter, the United States did not cite Morris in its briefing nor raise the case at oral argument. Additionally, Gourneau correctly noted the issue of whether the hybrid approach applies to § 117(a) was not properly before the Morris court as the parties in that case did not brief the issue. Moreover, most courts considering this issue post-Morris have decided (or assumed without deciding) that the categorical approach should apply to the "any-assault" element. See Violent Crime in Indian Country and the Federal Response, 69 DOJ J. Fed. L. Prac. 79, 95-96 (March 2021) (recognizing that the Morris court applied the circumstance-specific approach but cases from the Western District of Washington—Casey and Cline—applied the hybrid approach); see also United States v. Flett, 379 F. Supp. 3d 1152, 1154 (E.D. Wash. 2019) (when considering defendant's motion to dismiss the court assumed without deciding that the categorical approach applies to § 117(a) predicate offenses); United States v. Dubois, Case No. 1:19-cr-00214 (D.N.D Apr. 7, 2020) (when considering defendant's motion to dismiss, the Court assumed without deciding that the categorical approach applied § 117(a)); Silk v. United States, 955 F.3d 681, 683 (8th Cir. 2020) (in defendant's motion to vacate his sentence where he asserted actual innocence, the Eighth Circuit explained, "We need not decide whether §117 calls for a categorical approach, because Silk does not prevail if we assume that mode of analysis.").

the "against whom" element in a case where the defendant challenged the sufficiency of the evidence after trial).[4]

Regarding the "any-assault" element of § 117(a), the plain language of the statute favors the categorical approach. Notably, § 117(a) uses the word "conviction." The word "conviction" signals that the Court should use the categorical approach to analyze this element. Cline, 2020 WL 1862595, at *2 (when analyzing § 117(a), the court explained, "The statute's use of the term 'conviction' in this element indicates that the categorical approach must be applied to determine whether a defendant's prior convictions may serve as predicate offenses under § 117(a)(1)." (citing Mathis, 136 S. Ct. at 2252-53)); Casey, 2020 WL 1940446, at *3 (finding the "use of the term 'conviction'" in the first element of § 117 "favors the categorical approach"); see also Mathis, 136 S. Ct. at 2252 (when analyzing the Armed Career Criminal Act ("ACCA"), the Court explained that "[b]y enhancing the sentence of a defendant who has three 'previous convictions' for generic burglary, § 924(e)(1)—rather than one who has thrice committed that crime—Congress indicated that the sentencer should ask only about whether 'the defendant had been convicted of crimes falling within certain categories,' and not about what the defendant had actually done." (internal citation omitted)); Shepard v. United States, 544 U.S. 13, 19 (2005) (explaining that the language

_____

[4] The United States appears to suggest that the Eighth Circuit's recitation of § 117(a)'s elements in cases such as United States v. Drapeau, 827 F.3d 773, 776 (8th Cir. 2016), United States v. Johnson, 860 F.3d 1133, 1143 (8th Cir. 2017), and United States v. Harlan, 815 F.3d 1100, 1105-06 (8th Cir. 2016), necessarily implies that "the United States would have to prove to a jury that the underlying offense(s) involved conduct that would be 'any assault' under federal law." Doc. No. 29, p. 5. The Court disagrees. Importantly, this issue is before the Court on a motion to dismiss and, as such, is distinct from the procedural posture of Drapeau, Johnson, and Harlan. Those cases dealt with post-conviction challenges under § 117(a), whether involving evidentiary issues (Drapeau and Johnson) or an appeal of a conviction and sentence (Harlan, which on appeal also involved some evidentiary issues). True enough, these cases provide helpful and binding recitations of the elements of § 117(a). But these cases do not compel a finding that § 117(a) requires the Court apply the circumstance-specific approach to the statute in its entirety.

of the ACCA "refers to predicate offenses in terms not of prior conduct but of prior 'convictions' and the 'element[s]' of crimes" and applying the categorical approach). Additionally, the plain language of § 117(a)(1) also explicitly requires that the predicate convictions are for "offenses" that, "if subject to Federal jurisdiction," would be qualify as one of three specific federal generic offenses listed by the statute—namely, "any assault, sexual abuse, or serious violent felony." 18 U.S.C. § 117(a); see also Cline, 2020 WL 1862595, at *2.

Conversely, the plain language of the "against whom" element compels the application of the circumstance-specific approach.[5] Indeed, the use of the word "against" signals that a factual determination is necessary to ascertain the nature of the relationship between the defendant and victim(s). See Cline, 2020 WL 1862595, at *2 (citing Doss, 630 F.3d at 1196-97); Casey, 2020 WL 1940446, at *3 (discussing Nijhawan, 557 U.S. at 39 and citing Doss, 630 F.3d at 1196-97).[6] Additionally, the "against whom" element lists a string of fact-based qualifiers, consisting of "a spouse or intimate partner, or against a child of or in the care of the person committing the domestic assault." 18 U.S.C. § 117(a)(1). The "against whom" qualifiers do not create an exception to applying the categorical approach, rather they are independent criteria to meeting the requirements

---

[5] Neither party disputes that the circumstance-specific approach applies to the "against whom" element.

[6] Although analyzing the SORNA statute, the Court also finds the analysis in Walker and Laney persuasive: in those cases, under the hybrid approach, the Courts applied the circumstance-specific approach to the "against a minor" element. See United States v. Walker, 931 F.3d 576, 580 (7th Cir. 2019) (finding that the SORNA's text compels a hybrid approach and applying the circumstance-specific approach to the "against a minor" requirement); United States v. Laney, No. 20-CR-3053-LTS-KEM, 2021 WL 2373845, at *7 (N.D. Iowa Mar. 26, 2021), report and recommendation adopted, No. CR20-3053-LTS, 2021 WL 1821188 (N.D. Iowa May 6, 2021) (in analyzing SORNA, the court thoroughly discussed and was persuaded by Walker's analysis in applying the circumstance-specific approach to determine whether defendant's offense was "against a minor").

under § 117(a). As such, the Court will apply the circumstance-specific approach to the "against whom" element.

Controlling precedent and the plain language of § 117(a) require application of the hybrid approach. Thus, to decide Gourneau's motion, the Court will begin by analyzing the "any-assault" element under the categorical approach. Then, if necessary, the "against whom" element would be analyzed under the circumstance-specific approach.

### B.    Application of the Hybrid Approach

The first step in applying the hybrid approach is to analyze the "any-assault" element of § 117(a) under the categorical approach. This requires the Court to compare the elements of TMTC § 37.0200 to the elements of the generic definition of assault.[7] Notably, § 117(a) does not define "assault." However, as well stated by the Eighth Circuit:

> "[w]here a federal criminal statute uses a common-law term of established meaning without otherwise defining it, the general practice is to give that term its common-law meaning." United States v. Harlan, 815 F.3d 1100, 1106 (8th Cir. 2016) (quoting United States v. Turley, 352 U.S. 407, 411, 77 S. Ct. 397, 1 L. Ed. 2d 430 (1957) (interpreting the same statute for its definition of assault)).
>
> > Common law assault embraces two different crimes: (1) attempted battery, that is, an intended effort to cause bodily harm to another which falls short of success regardless of whether the intended victim knows of the attempt, and (2) any act which is intended to, and reasonably does, cause the victim to fear immediate bodily harm; such menacing constitutes assault even if no physical harm is attempted, achieved, or intended.

United States v. Oka, 778 F. App'x 406, 409 (8th Cir. 2019) (emphasis in original).

Recall, count II of the indictment lists three prior convictions, each charging Gourneau with violating TMTC § 37.0200. As such, under the categorical approach, the Court must compare

---

[7] The "any-assault" element lists two other offenses besides assault—sexual abuse and serious violent felony. 18 U.S.C. § 177(a)(1). Neither party disputes that assault is the generic federal offense to which, under the categorical approach, the Court compares the elements of TMTC § 37.0200. See Doc. No. 28, p. 12; Doc. No. 29.

the elements of common-law definition of assault to the elements of TMTC § 37.0200. To that end, TMTC § 37.0200 provides:

> When there is a finding that the following crimes have been committed against a family or household member with the purpose of, or having the effect of, inflicting physical harm or bodily injury or placing the family or household member in imminent fear or apprehension of physical harm or bodily injury, the Turtle Mountain Domestic Violence Code shall also apply[.]

TMTC § 37.0200(1). Thus, that statute requires (1) a finding that one (or more) of the eighteen enumerated crimes has been committed,[8] (2) that this crime was committed against a family or household member, (3) that the crime was committed with the purpose of, or having the effect of, (4) inflicting physical harm or bodily injury or placing the family or household member in imminent fear or apprehension of physical harm or bodily injury.

The Court finds that TMTC § 37.0200 is categorically overbroad as it criminalizes more conduct than the federal assault statute.  For instance, as to the first element of TMTC § 37.0200, some of the eighteen enumerated crimes fall outside of the scope of common law assault. Doc. No. 28, p. 14. One such crime is harassment. See id; TMTC § 37.0200(1)(m). Harassment is defined under the TMTC as follows:

> It shall be unlawful and a Class [3] offense with the purpose to annoy or alarm another, to insult, taunt, or challenge another in a manner likely to provoke a violent or disorderly response or to make repeated communications anonymously or at extremely inconvenient hours or in offensively coarse language. 1. Communicates in writing or by telephone a threat to inflict injury to any other person, to any person's reputation, or to any property; 2. Makes a telephone call anonymously or in offensively coarse language; 3. Makes repeated calls, whether or not a conversation ensures, with no purpose of legitimate communication; or 4.

---

[8] The enumerated crimes under TMTC § 37.0200(a) are: (a) Homicide Offenses; (b) Sexual Offenses; (c) Assault Offenses (Battery, Aggravated Assault, Simple Assault, and Intimidation); (d) Kidnapping; (e) Abduction; (f) Weapons Law Violations; (g) Terrorizing; (h) Threats and Intimidation; (i) Arson; (j) Breaking and Entering; (k) Stalking; (l) Disorderly Conduct; (m) Harassment; (n) Destruction of Property; (o) Trespass; (p) Burglary; (q) Vandalism of Property; (r) Stolen Property Offenses.

Communicates a falsehood in writing or by telephone and causes another mental anguish.

TMTC § 26.1314. Without question, the crime of harassment as defined under the TMTC sweeps more broadly than the common-law definition of assault: the common-law definition of assault does not contemplate "mak[ing] repeated communications anonymously or at extremely inconvenient hours or in offensively coarse language"—acts which need not necessarily involve causing the victim to fear immediate bodily harm.

Likewise, the fourth element of TMTC § 37.0200 also sweeps more broadly than the federal common law definition of assault. Specifically, the fourth element includes, among other things, "placing the family or household member in imminent fear or apprehension of physical harm or bodily injury." Conversely, the common-law definition of assault includes as an element any act which "is intended to, and reasonably does, cause the victim to fear immediate bodily harm[.]"Oka, 778 F. App'x at 409 (emphasis omitted); United States v. Olson, 646 F.3d 569, 573-74 (8th Cir. 2011). Unlike the common-law definition of assault, the express language of TMTC § 37.0200 does not require that the victim's "imminent fear or apprehension of physical harm or bodily injury" be reasonable. Therefore, TMTC § 37.0200 is overbroad as to the fourth element as well.

Accordingly, the Court finds that certain elements of TMTC § 37.0200 sweep more broadly than the elements of the comparable common-law offense of assault. Because TMTC § 37.0200 "criminalizes a broader swath of conduct than the federal generic statute, it is 'categorically overbroad' under the standard categorical approach." Casey, 2020 WL 1940446, at *5.

### C.  The Modified Categorical Approach and its Applicability

Because TMTC § 37.0200 is categorically overbroad, the Court next may determine whether its elements are divisible. If the elements of TMTC § 37.0200 are divisible, the Court may

apply the modified categorical approach. If the elements are indivisible, then the Court's analysis is done.

Here, however, the Court need not expressly decide whether the elements of TMTC § 37.0200 are divisible or indivisible, because both analyses result in the dismissal of count II. If indivisible, then TMTC § 37.0200 is overbroad, and Gourneau's prior convictions under that statute cannot serve as prior convictions under § 117(a).   In this case, the result is the same if the Court applies the modified categorical approach

When a prior conviction is for violating a divisible statute—a statute that sets out one or more elements of the offense in the alternative—the Court may apply the modified categorical approach. Descamps v. United States, 570 U.S. 254, 257 (2013). Under the modified categorical approach, the Court "examine[s] a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." Id. at 262. The class of documents the court may examine is "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard, 544 U.S. at 26. The Court can then "compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." Descamps, 570 U.S. at 257. "If at least one, but not all of those crimes matches the generic version, a court needs a way to find out which the defendant was convicted of. That is the job, as we have always understood it, of the modified approach: to identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense." Id. at 264. Notably, and importantly, the modified categorical approach "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime. Id. at 263.

Indeed, "The absence of definitive records frustrates the application of the modified categorical approach, but the Supreme Court has made clear that the vagaries of state court recordkeeping do not justify a different analysis." <u>United States v. Horse Looking</u>, 828 F.3d 744, 749 (8th Cir. 2016) (internal citation omitted).

With this framework in mind, the Court will consider a limited set of documents related to the three convictions of TMTC § 37.0200 as set forth in the indictment. <u>See</u> Doc. No. 1. The indictment lists the following three convictions:

- Domestic Violence, on or about January 25, 2019, in Turtle Mountain Tribal Court, North Dakota, Case Number 17-24941;

- Domestic Violence, on or about July 8, 2020, in Turtle Mountain Tribal Court, North Dakota, Case Number 20-24467; and,

- Domestic Violence, on or about August 31, 2020, in Turtle Mountain Tribal Court, North Dakota, Case Number 20-24624.

Doc. No. 1. As to these three convictions, the limited documents the Court may review consists of complaints, judgment and sentencing orders, and an arraignment and disposition from the Turtle Mountain Tribal Court. <u>See</u> Doc. No. 28-1, pp. 1-6. The three complaints merely allege Gourneau violated TMTC § 37.0200, without any reference to the specific elements of that statute for which he was charged. <u>See</u> <u>id.</u> at 2, 4, 6.

Here, the complaints are not sufficiently definite to satisfy <u>Taylor's</u> "demand for certainty." <u>See</u> <u>Horse Looking</u>, 828 F.3d at 748. The judgment and sentencing orders and arraignment for dispositions are also not sufficiently definite. These documents merely find Gourneau "guilty" of the crime of "Domestic Violence," without even listing the underlying statute. Doc. No. 28-1, pp. 1, 3, 5. Notably and importantly absent are any plea colloquies or factual bases supporting these convictions. No doubt, this "absence of definitive records frustrates the application of the modified categorical approach, but the Supreme Court has made clear that the vagaries of state court

13

recordkeeping do not justify a different analysis." <u>Horse Looking</u>, 828 F.3d at 749 (internal citation omitted). The complete absence of information in the complaints, judgment and sentencing orders, and arraignment for dispositions do not satisfy <u>Taylor</u>'s demand for certainty. <u>Id.</u> at 748. As such, under the modified categorical approach, the three convictions do not qualify as predicate convictions under § 117(a). Accordingly, the Court would also dismiss count II of the indictment under the modified categorical approach.

In sum, on the particular facts of this case, Gourneau's convictions under TMTC § 37.0200 do not qualify as predicate convictions under § 117(a) as pleaded in count II of the indictment. As a result, count II fails to state and offense under Federal Rule of Criminal Procedure 12(b), and the Court grants Gourneau's motion to dismiss count II.

## IV.   <u>CONCLUSION</u>

The Court has carefully reviewed the entire record, the parties' filings, and the relevant law. For the reasons set forth above, the Court **GRANTS** Gourneau's motion to dismiss (Doc. No. 27) and **DISMISSES** count II of the Indictment.

**IT IS SO ORDERED**.

Dated this 4th day of April, 2022.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court